FILED
99 AUG 13 PM 1: 24
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DANNY WAYNE TURNER, | ) |
| Petitioner, | ) ) ) |
| v. | ) CIVIL ACTION NO. 99-PWG-1426-NE ) |
| WARDEN RON JONES; ATTORNEY GENERAL FOR THE STATE OF ALABAMA, | ) ) ) ) |
| Respondents. | ) |

ENTERED
AUG 13 1999

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION

Danny Wayne Turner, hereinafter referred to as the petitioner, filed this *pro se* petitio for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for burglary in the third degree and one conviction for escape in the second degree. It appears that petitioner pleaded guilty to assault and burglary on January 13, 1994 and pleaded guilty to escape in the second degree on October 18, 1994. (Petition, p.7). Petitioner did not appeal from his convictions.

Petitioner filed a petition for writ of habeas corpus in the Circuit Court of Limestone County on August 5, 1997. When he received no response he filed a petition for writ of mandamus in the Alabama Court of Criminal Appeals which was dismissed on December 9, 1997. (CV 98-PWG-0258-NE, Findings and Recommendation, December 9, 1998).

On February 4, 1998 petitioner filed a federal habeas petition challenging the restitution portions of his 1994 sentences on the basis that he was denied due process because he was not present at the restitution hearing. On December 9, 1998 the undersigned magistrate judge recommended that the petition be denied as untimely because the one year statute of limitation set

11

forth in 28 U.S.C. § 2244(d)(1) had expired more than nine months before petitioner filed his federal habeas. On January 7, 1999 United States District Judge Sharon Lovelace Blackburn adopted and accepted the findings and recommendation. Petitioner did not appeal from the dismissal of his habeas petition. A copy of the Findings and Recommendation and a copy of the Final Judgment in CV 98-PWG-0258-NE are attached as exhibits to this Findings and Recommendation.

On November 2, 1998 petitioner filed a Rule 32 petition in state court alleging that the trial court was without jurisdiction to render judgment or impose the sentence. The Rule 32 petition was dismissed on November 2, 1998 as barred by the state's two year statute of limitation.[1] On March 26, 1999 the Alabama Court of Criminal Appeals affirmed the denial of the Rule 32 petition. Thereafter, the appellate court denied the application for the rehearing.

In the petition before this court petitioner alleges that the trial court was without jurisdiction to render judgment or impose the sentence.[2] Petitioner further alleges that he was denied due process when the state court held that his Rule 32 claim was barred by the statute of limitation. Petitioner argues that jurisdictional claims are excluded by the two year statute of limitation.

The Court entered an Order to Show Cause requiring respondents to appear and show cause why the relief requested by petitioner should not be granted. In response thereto respondents filed an Answer and exhibits. The Court entered an Order advising petitioner that respondents' Answer would be considered as a motion for summary judgment. The Order further allowed

---

[1] Rule 32.2(c), A.R.Crim.P. provides for a two year limitations period.

[2] The basis of his "jurisdictional" claim is that the trial court did not conduct a restitution hearing prior to ordering restitution, that petitioner was not informed of the restitution, that the initial complaint on one of the burglary charges was not signed by a magistrate and that the true bill was signed by the circuit court clerk rather than the grand jury foreman. He also complains that in 1992 he was arrested without an arrest warrant.

petitioner an opportunity to file affidavits or other material in opposition to the motion and advising him of the consequences of default.

Respondents argue that this petition is a second or successive petition because petition has previously filed a habeas petition in this court attacking the same convictions. CV 98-B-0258-NE. Respondents further argue that this petition is due to be dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A) due to petitioner's failure to first obtain an order from the Court of Appeals for the Eleventh Circuit authorizing this petition.

On July 21, 1999 petitioner was given an opportunity to show that he had in fact obtained authorization from the Eleventh Circuit to file this petition. On July 27, 1999 and August 10, 1999 petitioner filed motions for extension of time (document #7 and #8) in order that he may request permission to file the above writ of habeas corpus in this court. Title 28, U.S.C.C. § 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Petitioner has conceded in his motions for extension of time that he did not receive authorization from the Eleventh Circuit prior to filing this petition. Because petitioner did not obtain permission to file this petition, the court lacks jurisdiction to consider petitioner's request for relief. *Hill v. Hopper,* 112 F.3d 1088, 1089 (11th Cir. 1997), *cert. denied,* 520 U.S. 1203 (1997). Petitioner's motions for extension of time are DENIED. The magistrate judge RECOMMENDS that the petition

for writ of habeas corpus be DISMISSED for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A).[3/]

Petitioner may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the clerk. Failure to file written objections to the proposed findings and recommendations contained in this findings and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  <u>IT IS NOT NECESSARY FOR PETITIONER TO REPEAT HIS LEGAL ARGUMENTS. AS TO THE FACTS, IF PETITIONER DOES RESPOND, HE SHOULD LIMIT HIMSELF TO ADDRESSING THE STATEMENTS OF FACT CONTAINED IN THE REPORT AND RECOMMENDATION TO WHICH HE OBJECTS; THE FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL EVIDENCE.</u>  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that

---

[3/]  Even if the Eleventh Circuit grants permission for petitioner to file a habeas action it would be barred as untimely under 28 U.S.C. § 2244(d)(1) since there is no exception to the one year limitation period under § 2244(d)(1) for jurisdictional claims.

4

record. The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The clerk is DIRECTED to serve a copy of this order upon petitioner and counsel for respondents.

DONE this the 13th day of August, 1999.

_____
PAUL W. GREENE
UNITED STATES MAGISTRATE JUDGE